UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUTHER MCCASKILL,

                Petitioner,              Case Number 4:15-cv-11335
                                              Honorable Linda V. Parker

v.

J.A. TERRIS,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF
HABEAS CORPUS UNDER 28 U.S.C § 2241; (2) DENYING CERTIFICATE
OF APPEALABILITY; AND (3) DENYING AS MOOT PETITIONER'S
"MOTION FOR SPECIFIC PERFORMANCE"**

On April 13, 2015, Petitioner Luther McCaskill ("McCaskill"), a federal inmate incarcerated at FCI Milan, filed a pro se petition for a writ of habeas corpus. He also filed a "Motion for Specific Performance" on May 8, 2015, in which he asks the Court to expeditiously rule on his petition. The petition, as best the Court can discern, asserts that the Bureau of Prisons cannot hold McCaskill because he is no longer a "person" as defined by federal law, and therefore is no longer subject to any man-made laws. The Court finds the claim frivolous. Therefore, the Court is summarily denying his habeas petition and is denying his motion as moot.

1

## I.      Background

In 2004, following a jury trial before the Honorable George Caram Steeh,

McCaskill was convicted of wire fraud, possession of a forged security, and

conspiracy.[1]  *United States v. McCaskill*, No. 02-80216 (E.D. Mich. Apr. 16,

2004); *see also United States v. McCaskill*, 202 F. App'x 70 (6th Cir. 2006).  Judge

Steeh sentenced McCaskill to consecutive terms of imprisonment of 60 months, 60

months, and 68 months, for a total custodial term of 188 months.  *Id*.  The Sixth

Circuit Court of Appeals affirmed McCaskill's convictions and sentence.

*McCaskill*, 202 F. App'x 70.  He has since filed a motion for post-conviction relief

pursuant to 28 U.S.C. § 2255, which was denied.  *McCaskill v. United States*, Nos.

02-80216, 08-10812, 2008 WL 2947880 (E.D. Mich. July 31, 2008).

## II.     Standard of Review

A petition for a writ of habeas corpus must set forth facts that give rise to a

cause of action under federal law or it may be summarily dismissed.  *See Perez v.*

---

[1] McCaskill had been previously convicted by a jury of conspiracy, possessing and uttering forged checks, bank fraud, interstate transportation of forged checks, and engaging in monetary transactions with criminally derived property of a value greater than $10,000.  *United States v. McCaskill*, No. 00-80239 (E.D. Mich. July 3, 2001); *aff'd* 62 F. App'x 71, 72 (6th Cir. 2003).  Judge Bernard E. Friedman, assigned to the case, sentenced McCaskill to a term of imprisonment of 33 months.  *McCaskill*, 62 F. App'x at 72.  The Court presumes that McCaskill has since completed that sentence and that his current motion relates to the sentence he is serving on the case tried before Judge Steeh.

2

*Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (citing *Marmol v. Dubois*, 855 F. Supp. 444, 446 (D. Mass. 1994)).  Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).  Summary dismissal also is available if it plainly appears from the face of the petition or the exhibits attached to it that the petitioner is not entitled to federal habeas relief.  *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  In fact, the Sixth Circuit has instructed that the district courts have a duty to screen out any habeas corpus petition which lacks merit on its face. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).  No response to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response by the State.  *Id*.

## III.   Discussion

McCaskill's petition must be summarily dismissed because it fails to raise a substantial federal claim and is frivolous.

By way of written declarations and UCC Financing Statements attached to his petition, McCaskill seeks to decouple his physical being from his legal status, and thereby win his freedom from imprisonment.  The Court understands

3

McCaskill to be arguing that Respondent has authority to hold him in custody only so long as McCaskill acquiesces to the authority of the United States. Now that McCaskill is asserting his rights as a "living human being, eternal essence, duly deposited, domiciled, and completely factualized body" (ECF No. 1 at Pg ID 8), he claims he can no longer be held in custody.

Not surprisingly, a prisoner cannot write his own get-out-of-jail-free card by making declarations that amount to a renunciation of his obligation to conform his conduct to the requirements of the nation's criminal laws. *See, e.g., Van Hazel v. Luoma*, No. 05-cv-73401, 2005 WL 2837356, at *2 (E.D. Mich. October 27, 2005) ("Petitioner cannot divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code or having another person do so."); *Kerr v. Hedrick*, 89 F. App'x 962, 963 (6th Cir. 2004) (rejecting the petitioner's claim that he was exempt from punishment for his federal crimes because his rights derived exclusively from the Moorish Science Temple of America); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986) (holding that despite the defendant's contention that she was an absolute, freeborn and natural individual, she was a "person" under the Internal Revenue Code and thus subject to prosecution for willful failure to file tax returns); *State v. Arnold*, 379 N.W. 2d 322, 323 (S.D.

4

1986) (holding that the trial court had jurisdiction over the criminal defendant, even though the defendant had declared natural individual sovereignty and declared the revocation of his marriage license, birth certificate, limited liability for perpetual succession of debt and credit, and social security indentures); *United States v. Williams*, 532 F. Supp. 319, 320 (D. N.J. 1981) (rejecting the defendant's claim that federal government lacked jurisdiction to prosecute him because he claimed to be a citizen of the "Republic of New Afrika," finding that this was not a sovereign nation recognized by the United States, but was, at most, a separatist movement). Additionally, the Uniform Commercial Code is totally inapplicable to criminal proceedings and cannot bar jurisdiction over a criminal defendant. *See United States v. Humphrey*, 287 F. 3d 422, 435 (6th Cir. 2002); overruled on other grounds by *United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002); *see also United States v. Holloway*, 11 F. App'x 398, 400 (6th Cir. 2001) (unpublished) (indicating that any contention that the Uniform Commercial Code presents a potential defense would be frivolous, as the code is not applicable in criminal proceedings).

For these reasons, the Court finds that McCaskill's current petition is frivolous, and it therefore will be summarily denied. His motion for immediate consideration of his petition therefore will be denied as moot. Before McCaskill

5

can appeal this decision, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A); *Greene v. Tenn. Dep't of Corrections*, 265 F.3d 369, 372 (6th Cir. 2001) (holding that a state prisoner who seeks habeas corpus relief under 28 U.S.C. § 2241 must obtain a certificate of appealability to bring an appeal). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a). Section 2253 states, in pertinent part, that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997).

When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons stated above, McCaskill's claims are frivolous and thus reasonable jurors would not find the Court's assessment of those claims debatable or wrong. The Court also denies Petitioner leave to appeal in forma pauperis because any appeal would be frivolous and thus would not be taken in good faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing

6

that it is not taken in good faith."); *Coppedge v. United States*, 369 U.S. 438, 445-46 (1962) (interpreting "good faith" in § 1915 to mean "not frivolous").

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability;

**IT IS FURTHER ORDERED**, that Petitioner's Motion for Specific Performance is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 2, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 2, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager